IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON JEROME MCDANIEL,  ) No. 2:08-cv-0118-SPK
        Plaintiff, )
   v. )
J. LAYMAN, ET AL. )
        Defendants. )
_____ )

## ORDER TO SHOW CAUSE

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C § 1983 and has requested leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the U.S. Court's PACER system indicates that Plaintiff Clifton McDaniel (C-42540) has brought no less that 10 civil actions in the past while incarcerated seeking relief under section 1983.[1]  Two (including this one) are

---

[1] He has also brought 3 actions seeking habeas relief under 28 U.S.C. § 2254 in the

1  pending in the Eastern District of California.  Three others were brought in the past
2  in the Eastern District, including two that were dismissed for failure to state a
3  claim or failure to exhaust (or both) (1:2002cv05091 and 2:2001cv05304).[2]
4  Several others were brought and dismissed by the court in the Northern District of
5  California (3:2003cv01551, 3:2004cv02545, 3:2005cv000976, and
6  3:2007cv03920).[3]

7      It thus appears that Plaintiff has had at least 4 prior civil actions brought
8  under the IFP statute that were dismissed for failure to state a claim.  The current
9  complaint, although not yet fully screened under 28 U.S.C. § 1915A, does not
10 appear to demonstrate "imminent danger of serious physical injury."  Therefore,
11 Plaintiff is ordered to SHOW CAUSE why his application for leave to proceed IFP
12 should not be denied.  Plaintiff shall have **45 days** within which to demonstrate
13 such cause.  If he does not, the application to proceed IFP will be denied and
14 Plaintiff will be given a period of time within which to pay the requisite filing fee.

15     IT IS SO ORDERED.
16     DATED: February 17, 2009.



                                       Samuel P. King
                                       Senior United States District Judge

---

Southern District of California.

[2] One case proceeded to trial in the Eastern District (2:1997cv02243) and cannot constitute a strike.

[3] Case 3:2007cv03920 appears to have been voluntarily dismissed.  Another case in the Northern District (3:2005cv02942) was dismissed by stipulation.  Thus, three were dismissed for failure to state a claim.