IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON JEROME MCDANIEL,   ) No. 2:08-cv-0118-SPK
        Plaintiff,   )
   v.   )
J. LAYMAN, ET AL.   )
        Defendants.   )
_____ )

## ORDER DENYING REQUEST TO PROCEED IFP AND DISMISSING ACTION WITHOUT PREJUDICE

On February 17, 2009, Plaintiff was ordered to show cause why his application for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 should not be denied. The Court pointed out that Plaintiff had at least 4 prior civil actions brought under the IFP statute that had been dismissed for failure to state a claim.[1]

On March 2, 2009, Plaintiff responded to the order to show cause . He did

---

[1] 28 U.S.C. § 1915(g) provides that:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

not dispute that he is a prisoner who has had 3 or more actions dismissed for failure to state a claim. He argues, however, that he "is under imminent danger of serious physical injury" for purposes of section 1915(g).

To proceed under the "imminent danger" clause of section 1915(g), a plaintiff's complaint must make good faith plausible allegations that the plaintiff is under "imminent danger of serious physical injury" when the complaint is filed. It should also allege that such imminent danger is ongoing. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). That is, the "imminent danger of serious physical injury" must not have occurred in the past, or have arisen after the complaint was filed. Id.

The Court has reviewed the original complaint in this case, as well as the March 2, 2009, response to the order to show cause. The original complaint alleged facts sounding in excessive force against officer Layman based upon treatment in the shower on April 28, 2007. Plaintiff alleges that when it was Plaintiff's turn to take a shower, Layman put Plaintiff in handcuffs when he was getting out of his cell and "threw Plaintiff in the shower with such force that Plaintiff fell to the shower floor and sustained further back and neck injuries which are overdue for surgery." Plaintiff then makes various allegations that Defendants removed his pillow and blanket from his cell. The pillow and blanket were allegedly needed (and the court assumes the allegations as true for present purposes) while Plaintiff was waiting for proper medical supplies (e.g., a proper pillow) while being considered for surgery on his neck. He appears to allege that the pillow and blanket were removed in retaliation, perhaps for making a complaint against Layman. Plaintiff then alleges that he was recently informed that he would have to undergo further testing and an MRI before his neck surgery could be rescheduled, and that he would also need shoulder surgery. The allegations against

Layman were the subject of an internal administrative appeal, which was denied on December 7, 2007. The original complaint was filed on January 17, 2008.

In his response to the OSC, Plaintiff contends that he is under imminent danger of serious physical injury because he was attacked by another inmate who broke his leg on September 17, 2008. He attached an affidavit from another inmate regarding the September 17, 2008 incident. He was scheduled for surgery "last week" (February of 2009) but alleges it will be delayed for a year. He makes general allegations of ineffective medical care due to overcrowding and refers to the ongoing Coleman class action (Coleman v. Schwarzenegger, Civ. S-90-0520 LKK (E.D. Cal.)).

Construing allegations in Plaintiff's favor, the Court finds that Plaintiff has not made plausible allegations that he is in specific "imminent danger of serious physical injury." Many of the allegations concern excessive force against Layman pertaining to injuries Plaintiff received in the shower in April of 2007. Many other allegations concern whether it was proper to have removed his pillow and blanket (given that they were medically necessary for his back and other conditions), in May of 2007. These allegations are insufficient to establish imminent harm. Further, the general allegations regarding a need for surgery are similarly insufficient. Finally, the allegations in the response to the order to show cause regarding treatment (or lack thereof) for his leg injury in September of 2008, concern events that happened nine-months after the complaint was filed. "Imminent danger" is measured at the time of filing of the complaint. See Andrews, 493 F.3d at 1053. The general allegations regarding overcrowding and inadequate medical care are the subject of Coleman. But, accepting that California's prisons are overcrowded and that such overcrowding causes various problems with housing prisoners, such overcrowding per se does not establish

1 | "imminent danger of serious physical injury" in every prisoner civil rights action.
2 | Accordingly, because Plaintiff fails to meet the standard necessary under
3 | section 1915(g), this action is dismissed without prejudice to Plaintiff filing a new
4 | action along with a full statutory filing fee of $350.
5 | DATED: May 1, 2009.

/s/ Samuel P. King
Samuel P. King
Senior United States District Judge